UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANTHONY CLARKE,                    )   No. CV 10-7337 FFM
                                   )
            Petitioner,            )   MEMORANDUM DECISION
                                   )   DENYING PETITION FOR WRIT OF
      v.                           )   HABEAS CORPUS PURSUANT TO
                                   )   28 U.S.C. § 2254
MATTHEW CATE, SECRETARY            )
OF CALIFORNIA DEPARTMENT           )
OF CORRECTIONS,                    )
                                   )
            Respondent.            )
                                   )

## I. PROCEEDINGS

Petitioner Anthony Clarke, a state prisoner in the custody of the California

Department of Corrections, filed a Petition for Writ of Habeas Corpus by a Person in

State Custody pursuant to 28 U.S.C. § 2254 ("Petition") on October 1, 2010.

Petitioner and respondent consented to proceed before the undersigned United States

Magistrate Judge pursuant to 28 U.S.C. § 636(c).  On November 16, 2010, respondent

filed a Return to the Petition.  Petitioner did not file a Reply.  The matter thus stands

submitted and ready for decision.

/ / /

/ / /

/ / /

/ / /

## II.  BACKGROUND AND PROCEDURAL HISTORY

On April 1, 2010, petitioner pleaded no contest to a violation of Penal Code section 666, petty theft with a prior.  (Lodged Doc. #2.)  Petitioner admitted the truth of a prior strike allegation and the court struck two remaining priors alleged in the Complaint.  (Lodged Doc. #16.)  Pursuant to the plea agreement, petitioner was sentenced to 32 months in state prison.  (Lodged Doc. ## 3, 16.)

## III.  PETITIONER'S CLAIMS

1.     The trial court's imposition of a sentencing enhancement based on his prior conviction violated petitioner's Sixth Amendment right to have a jury finding of whether the prior conviction was for a serious or violent felony.

2     Trial counsel deprived petitioner of his Sixth Amendment right to effective assistance of counsel by committing the following errors:

(a)     failing to investigate the status of petitioner's prior conviction and to object to its use as a strike pursuant to California law; and

(b)     failing to consult with petitioner about challenging the sentence on appeal.

## IV.  STANDARD OF REVIEW

The standard of review applicable to petitioner's claims herein is set forth in 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (Pub. L. No. 104-132, 110 Stat. 1214 (1996)).  *See* 28 U.S.C. § 2254(d); *see also Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).  Under AEDPA, a federal court may not grant habeas relief on a claim adjudicated on its merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the

1    evidence presented in the State court proceeding."[1] 28 U.S.C. § 2254(d); *see Williams*

2    *v. Taylor*, 529 U.S. 362, 402, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

3         The phrase "clearly established Federal law" means "the governing legal

4    principle or principles set forth by the Supreme Court at the time the state court renders

5    its decision."[2] *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d

6    144 (2003).  However, a state court need not cite the controlling Supreme Court cases

7    in its own decision, "so long as neither the reasoning nor the result of the state-court

8    decision contradicts" relevant Supreme Court precedent which may pertain to a

9    particular claim for relief.  *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed.

10   2d 263 (2002) (*per curiam*).

11        A state court decision is "contrary to" clearly established federal law if the

12   decision applies a rule that contradicts the governing Supreme Court law or reaches a

13   result that differs from a result the Supreme Court reached on "materially

14   indistinguishable" facts.  *Williams*, 529 U.S. at 405-06.  A decision involves an

15   "unreasonable application" of federal law if "the state court identifies the correct

16   governing legal principle from [Supreme Court] decisions but unreasonably applies

17   that principle to the facts of the prisoner's case."  *Id.* at 413.  A federal habeas court

18   may not overrule a state court decision based on the federal court's independent

19

20   _____

21   [1]In addition, under 28 U.S.C. § 2254(e)(1), factual determinations by a state court
     "shall be presumed to be correct" unless the petitioner rebuts the presumption "by clear

22   and convincing evidence."

23   [2] Under AEDPA, the only definitive source of clearly established federal law is set

24   forth in a holding (as opposed to dicta) of the Supreme Court.  *See Williams*, 529 U.S.
     at 412; *see also Yarborough v. Alvarado*, 541 U.S. 652, 660-61, 124 S. Ct. 2140, 158

25   L. Ed. 2d 938 (2004).  Thus, while circuit law may be "persuasive authority" in

26   analyzing whether a state court decision was an unreasonable application of Supreme
     Court law, "only the Supreme Court's holdings are binding on the state courts and only

27   those holdings need be reasonably applied."  *Clark v. Murphy*, 331 F.3d 1062, 1069

28   (9th Cir. 2003).

1  determination that the state court's application of governing law was incorrect,

2  erroneous, or even "clear error." *Lockyer*, 538 U.S. at 75.  Rather, a decision may be

3  rejected only if the state court's application of Supreme Court law was "objectively

4  unreasonable." *Id.*

5  The standard of unreasonableness that applies in determining the "unreasonable

6  application" of federal law under Section 2254(d)(1) also applies in determining the

7  "unreasonable determination of the facts in light of the evidence" under Section

8  2254(d)(2). *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004).  Accordingly, "a

9  federal court may not second-guess a state court's fact-finding process unless, after

10  review of the state-court record, it determines that the state court was not merely

11  wrong, but actually unreasonable." *Id.*

12  Where more than one state court has adjudicated the petitioner's claims, the

13  federal habeas court analyzes the last reasoned decision. *Barker v. Fleming*, 423 F.3d

14  1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S. Ct.

15  2590, 115 L. Ed. 2d 706 (1991) for presumption that later unexplained orders,

16  upholding judgment or rejecting same claim, rest upon same ground as the prior order).

17  Thus, a federal habeas court looks through ambiguous or unexplained state court

18  decisions to the last reasoned decision in order to determine whether that decision was

19  contrary to or an unreasonable application of clearly established federal law. *Bailey v.*

20  *Rae*, 339 F.3d 1107, 1112-13 (9th Cir. 2003).

21  Here, petitioner presented his claims to the Superior Court for the County of Los

22  Angeles, the California Court of Appeal and the California Supreme Court on habeas

23  review.  The Supreme Court and Court of Appeal summarily denied the petitions.  The

24  Los Angeles County Superior Court denied the petition in a short minute order.  To the

25  extent any reasoned decision has denied petitioner's claims, it would be that of the Los

26  Angeles County Superior Court.

27  / / /

28  / / /

**V.  DISCUSSION**

**A.      Right to Jury Trial on Whether Robbery Is a Serious or Violent Felony**

Petitioner contends that he was deprived of his Sixth Amendment right to a jury trial because the trial court sentenced him to an elevated sentence based on his prior robbery conviction without a jury determination of whether robbery is a serious or violent felony.  Petitioner relies on *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007), *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and, *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

In denying this claim, the Superior Court provided the following rationale:

> The defendant admitted a prior serious felony conviction as
>
> part of the plea agreement in this case.  No Cunningham
>
> violation occurred.
>
> Apprendi v. New Jersey (200) 530 U.S. 466
>
> Blakely v. Washington (2004) 542 U.S. 296

Lodged Doc. #5 at 2.

In *Blakely*, the Supreme Court held that the statutory maximum for any sentence is "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."  *Id.* at 303 (emphasis in original) (citation omitted).

The Superior Court correctly applied Supreme Court precedent in denying this claim.  During the plea colloquy, petitioner specifically admitted that he had previously sustained a conviction for robbery.  By definition, robbery is both a "violent felony" and a "serious felony" for purposes of a sentence enhancement pursuant to the Three Strikes law.  *See* Cal. Penal Code §§ 667.5(c)(9), 1170.12(b)(1), and 1192.7(c)(19).  Accordingly, the resulting sentence could not have violated petitioner's Sixth Amendment rights, as the sentence did not exceed the statutory maximum based on the facts admitted by petitioner.

1       Moreover, petitioner's claim is without merit for additional reasons as well.

2       First, the sentence was the result of a negotiated agreement between the parties –

3  an agreement whereby petitioner received the benefit of having two other prior felony

4  convictions stricken.  The Supreme Court has never held that a sentence imposed

5  pursuant to a plea agreement under such circumstances runs afoul of *Blakely* or

6  *Cunningham*.  Accordingly, the California court's decision upholding the sentence

7  could not provide a basis for habeas relief.  *See Carey v. Musladin*, 549 U.S. 70, 77,

8  127 S. Ct. 649, 166 L. Ed. 2d 482 (2006) (where Supreme Court precedent gives no

9  clear answer to question presented, "it cannot be said that the state court

10  'unreasonab[ly] appli[ed] clearly established Federal law'").

11      Secondly, petitioner explicitly waived any right that he had to a jury trial.  *See*

12  Lodged Doc ## 15 at 2 (("Felony Advisement of Rights, Waiver, and Plea Form") and

13  16 at 3-4 (transcript of plea proceedings).  The Supreme Court has made clear that "[a]

14  criminal defendant may knowingly and voluntarily waive many of the most

15  fundamental protections afforded by the Constitution."  *United States v. Mezzanatto*,

16  513 U.S. 196, 201, 115 S. Ct. 797, 801, 130 L. Ed. 2d 697 (1995) (citations omitted).

17  Thus, "absent some affirmative indication of Congress' intent to preclude waiver,"

18  waivers are presumptively valid.  *Id.*  Here, nothing suggests that petitioner's waiver of

19  his right to a jury trial was invalid.

20      Petitioner's claim, therefore, is without merit.

21  **B.     Trial Counsel's Performance**

22      In his second claim for relief, petitioner maintains that his counsel provided

23  ineffective assistance by committing two errors, one in the period preceding

24  petitioner's plea and one after the plea had been entered.  The Superior Court denied

25  these claims with the statement that "Counsel's performance at all times was within all

26  reasonable state bar professional standards: [¶] In re Clarke, 5 Cal. 4th 730.  [¶] In re

27  Harris, 5 Cal. 4th 813."  (Lodged Doc. #5 at 2.)

28  / / /

6

1      With respect to the pre-plea error, petitioner contends that counsel failed to

2  investigate the status of petitioner's prior conviction and to object to its use as a strike

3  pursuant to California law.  "As a general rule, one who has voluntarily and

4  intelligently pled guilty to a criminal charge may not subsequently seek federal habeas

5  relief on the basis of pre-plea constitutional violations."  *Mitchell v. Superior Court*,

6  632 F.2d 767, 769 (9th Cir. 1980).  In *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.

7  Ct. 1602, 36 L. Ed. 2d 235 (1973), the United States Supreme Court explained:

8           [A] guilty plea represents a break in the chain of events

9           which has preceded it in the criminal process. When a

10          criminal defendant has solemnly admitted in open court

11          that he is in fact guilty of the offense with which he is

12          charged, he may not thereafter raise independent claims

13          relating to the deprivation of constitutional rights that

14          occurred prior to the entry of the guilty plea. He may

15          only attack the voluntary and intelligent character of the

16          guilty plea[.]

17      Since *Tollett*, the Supreme Court has recognized that the bar on attacking

18  pre-plea constitutional errors applies unless the defect in question is a "jurisdictional"

19  one that implicates the government's power to prosecute the defendant.  *United States*

20  *v. Johnston*, 199 F.3d 1015, 1019 n.3 (9th Cir. 1999) ("The Court has subsequently

21  limited the scope of those exceptions to include only those claims in which, judged on

22  the face of the indictment and record, the charge in question is one which the state may

23  not constitutionally prosecute.") (citing *United States v. Broce*, 488 U.S. 563, 574-76,

24  109 S. Ct. 757, 102 L. Ed. 2d 927 (1989)); *see also Menna v. New York*, 423 U.S. 61,

25  62, 96 S. Ct. 241, 46 L. Ed. 2d 195 (1975) (holding that bar on collateral challenges to

26  pre-plea errors did not preclude defendant from asserting double jeopardy to

27  indictment under which he pleaded guilty); *Blackledge v. Perry*, 417 U.S.

28  / / /

7

1  21, 30-31, 94 S. Ct. 2098, 40 L. Ed. 2d 628 (1974) (holding that guilty plea did not

2  foreclose claim that a defendant was vindictively prosecuted).

3      Here, petitioner's challenge to counsel's pre-plea performance does not

4  implicate the voluntariness of petitioner's plea.  Accordingly, that challenge is

5  foreclosed by *Tollett*.  *See Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994)

6  (petitioner's claim that his attorneys were ineffective for failing to prevent use of his

7  confession at trial was precluded by petitioner's plea), *overruled on other grounds by*

8  *Lockyer v. Andrade*, 538 U.S. 63, 75-76, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003);

9  *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (*per curiam*) (guilty plea

10  precluded claim that counsel provided ineffective assistance at in camera hearing

11  occurring prior to plea).  Further, no "jurisdictional" exception to the *Tollett* rule

12  applies, as petitioner's challenge does not concern the power of the State to prosecute

13  him.  Thus, petitioner's no contest plea precludes federal habeas relief on this

14  ineffective assistance of counsel ground for relief.  *See Tollett*, 411 U.S. at 267.

15      Moreover, even if *Tollet* did not preclude relief on petitioner's challenge to his

16  counsel's pre-plea performance, the challenge would fail on the merits.  A two-step

17  analysis governs petitioner's ineffective assistance of counsel claims for relief.

18  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674

19  (1984).  First, petitioner must prove that his attorney's representation fell below an

20  objective standard of reasonableness.  *Id.* at 687-88, 690.  To establish deficient

21  performance, the petitioner must show his counsel "made errors so serious that counsel

22  was not functioning as the 'counsel' guaranteed the defendant by the Sixth

23  Amendment."  *Id.* at 687; *Williams v. Taylor*, 529 U.S. 362, 391, 120 S. Ct. 1495, 146

24  L. Ed. 2d 389 (2000).  In reviewing trial counsel's performance, however, courts

25  "strongly presume[] [that counsel] rendered adequate assistance and made all

26  significant decisions in the exercise of reasonable professional judgment."  *Strickland*,

27  466 U.S. at 690; *Yarborough v. Gentry*, 540 U.S. 1, 8, 124 S. Ct. 1, 157 L. Ed. 2d 1

28  (2003).  Only if counsel's acts and omissions, examined within the context of all the

1    surrounding circumstances, were outside the "wide range" of professionally competent

2    assistance, will petitioner meet this initial burden. *Kimmelman v. Morrison*, 477 U.S.

3    365, 386, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986); *Strickland*, 466 U.S. at 690.

4         Second, the petitioner must show that he was prejudiced by demonstrating a

5    reasonable probability that, but for his counsel's errors, the result would have been

6    different. *Strickland*, 466 U.S. at 694.  The errors must not merely undermine

7    confidence in the outcome of the trial, but must result in a proceeding that was

8    fundamentally unfair. *Williams*, 529 U.S. at 393 n.17.  With respect to voluntary pleas,

9    prejudice is shown if "there is a reasonable probability that, but for [his] counsel's

10   errors, he would not have pleaded guilty and would have insisted on going to trial."

11   *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

12        The petitioner must prove both deficient performance and prejudice.  A court

13   need not, however, determine whether counsel's performance was deficient before

14   determining whether the petitioner suffered prejudice as the result of the alleged

15   deficiencies. *Strickland*, 466 U.S. at 697.

16        The cases cited by the Superior Court in denying petitioner's ineffective

17   assistance of counsel claims rely on the same test described in *Strickland*.  The

18   Superior Court did not unreasonably apply *Strickland* in denying these claims, because

19   petitioner's challenge does not satisfy either part of *Strickland*'s two-part test.

20        First, petitioner has not provided any evidence that his counsel failed to examine

21   the prior convictions or that, had he done so, there was anything about the prior

22   convictions that would have disqualified their use as priors.  Indeed, as shown above,

23   the robbery conviction, by definition, is a serious and violent felony for purposes of

24   California's Three Strike law.  As the Ninth Circuit has observed, "the failure to take a

25   futile action can never be deficient performance." *Rupe v. Wood*, 93 F.3d 1434, 1445

26   (9th Cir. 1996).

27   / / /

28

1      Second, petitioner cannot show prejudice for the same reasons he has failed to
2  show deficient performance.  Given the record before this Court, nothing suggests that
3  there is a reasonable probability that petitioner would not have pleaded no contest if
4  counsel had investigated petitioner's prior convictions.

5      Finally, petitioner contends that his counsel provided ineffective assistance by
6  failing to consult with him about appealing the sentence.  A failure to discuss the
7  possibility of an appeal with a defendant may constitute ineffective assistance.  *See*
8  *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000)
9  ("counsel has a constitutionally imposed duty to consult with the defendant about an
10  appeal when there is reason to think either (1) that a rational defendant would want to
11  appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that
12  this particular defendant reasonably demonstrated to counsel that he was interested in
13  appealing.").

14      Petitioner has made neither showing here.  Therefore, this claim also is without
15  merit.

16      Therefore, the Court orders that judgment be entered denying the Petition on the
17  merits with prejudice.

18

19  DATED:  December 22, 2011

20                                    /S/ FREDERICK F. MUMM
                                      FREDERICK F. MUMM
21                                    United States Magistrate Judge

22

23

24

25

26

27

28