UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CLARKE, | ) No. CV 10-7337 FFM |
| Petitioner, | ) MEMORANDUM DECISION |
| v. | ) DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO |
| MATTHEW CATE, SECRETARY OF CALIFORNIA DEPARTMENT OF CORRECTIONS, | ) 28 U.S.C. § 2254 |
| Respondent. | ) |

## I.    PROCEEDINGS

Petitioner Anthony Clarke, previously a state prisoner in the custody of the California Department of Corrections, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") on October 1, 2010. Petitioner and respondent consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  On November 16, 2010, respondent filed a Return to the Petition.  Petitioner did not file a Reply.

/ / /

/ / /

/ / /

/ / /

/ / /

On or about June 27, 2011, petitioner constructively filed another Petition for Writ of Habeas Corpus by a Person in State Custody ("Second Petition").[1]  Respondent filed a motion to dismiss the Second Petition on October 12, 2011 based on the pendency of the Petition.  Petitioner neither filed an opposition to the motion to dismiss nor requested an extension of time within which to do so.

On November 30, 2011, the Court issued a Report and Recommendation recommending that the Second Petition be dismissed without prejudice and that it be construed as a proposed amended petition in these proceedings.  On April 10, 2012, the District Judge assigned to the Second Petition accepted the recommendation and dismissed the Second Petition without prejudice.

In the meantime, the Court prematurely ruled on the merits of the Petition, found it without merit, and entered judgment dismissing the Petition with prejudice.  Upon discovering the prematurity of the ruling, the Court reopened these proceedings pending a determination of whether the Petition should be amended to include the claims contained in the Second Petition.  Upon entry of the order dismissing the Second Petition, the Court issued a Minute Order setting the following briefing schedule:

> Petitioner is granted 21 days from the date of this order [i.e., up to May 17, 2012] to file any briefs, declarations, or other evidence he wishes the Court to consider in ruling on the motion for leave to amend.

> Respondent must file any opposition within 42 days of the date of this order.

> Petitioner must file any reply to respondent's opposition within 10

---

[1]  A *pro se* petitioner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).  *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003); *Huizar v. Carey*, 273 F.3d 1220, 1222-23 (9th Cir. 2001).  A proof of service attached to the Second Petition states that it was deposited in the mail for delivery to the Court on June 27, 2011.

1    days of receipt of respondent's opposition.

2    Having received nothing from petitioner, the Court issued an order on May 22,

3    2012 noting petitioner's failure to comply with the briefing schedule and stating, in

4    part:

5       To the extent petitioner desires to pursue a motion to amend his petition,

6       he is granted an extension of time to June 7, 2012 within which to

7       demonstrate why the Court should allow the petition to be amended.

8          Petitioner is advised that his failure to file anything which attempts

9       to make such a showing will be construed as a withdrawal by petitioner of

10      any request to amend his petition.

11   The Court's May 22, 2012 order was returned to the Court as undeliverable on

12   June 8, 2012.  The notation on the envelope states that the "inmate [is] not at this

13   institution."

14   **II.   DISMISSAL FOR FAILURE TO PROSECUTE IS APPROPRIATE**

15   Pursuant to Local Rule 41-6:

16      A party proceeding *pro se* shall keep the Court and opposing parties

17      apprised of such party's current address and telephone number, if any.  If

18      mail directed by the Clerk to a *pro se* petitioner's address of record is

19      returned undelivered by the Postal Service, and if, within fifteen (15) days

20      of the service date, such petitioner fails to notify, in writing, the Court and

21      opposing parties of said petitioner's current address, the Court may

22      dismiss the action with or without prejudice for want of prosecution.

23   Local Rule 41-6; *see Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988).

24   To date, petitioner has not notified the Court of his new address and, as a result,

25   the Court has no way of communicating with petitioner.  Moreover, petitioner has

26   ignored this Court's orders to explain why the Petition should be amended and has not

27   made any contact with the Court.

28

3

**III.    PETITIONER'S MOTION TO AMEND SHOULD BE DENIED**

As shown above, petitioner has failed to pursue his motion for leave to amend by ignoring the Court's Minute Order setting a briefing schedule on the motion and by thereafter failing to advise the Court of his new address.  Therefore, the motion for leave to amend is denied.

**IV.    THE COURT ALREADY HAS DETERMINED THAT THE PETITION IS WITHOUT MERIT**

On December 22, 2011, this Court filed a decision denying the Petition on the merits.  Although the judgment was later set aside and the case reopened to allow petitioner to pursue his motion for leave to amend, the December 22, 2011 decision still properly analyzes petitioner's claims.  For the reasons set forth in the December 22, 2011 decision, both claims contained in the Petition are without merit and are denied with prejudice.

**V.    CONCLUSION**

For the foregoing reasons, the Court orders that judgment be entered dismissing the Petition with prejudice.


DATED: June 19, 2012

                                         /S/ FREDERICK F. MUMM
                                         FREDERICK F. MUMM
                                         United States Magistrate Judge